# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-628V
**Filed: April 11, 2016**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * *  <br>STEVEN CARPENTER,                    * <br>                                        * <br>            Petitioner,                * <br>                                        * <br>v.                                      * <br>                                        * <br>SECRETARY OF HEALTH                     * <br>AND HUMAN SERVICES,                     * <br>                                        * <br>            Respondent.                * <br>* * * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED <br><br>Special Master Hamilton-Fieldman <br><br><br>Attorneys' Fees and Costs; <br>Reasonable Amount Requested. |

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for Petitioner.
Lara Ann Englund, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On August 30, 2013, Steven Carpenter ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that a Diptheria-Tetanus ("DT") vaccination administered on April 8, 2011 caused him to suffer from Guillain-Barré syndrome ("GBS"). On December 11, 2015, the undersigned issued a decision awarding compensation to Petitioner.

On March 25, 2016, Petitioner filed an application for attorneys' fees and costs ("Motion"). In his motion, Petitioner requests compensation for $52,023.25 in attorneys' fees and costs. Petitioner represents that he has not personally incurred any fees or costs in pursuing

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, codified as amended at 44 U.S.C. § 3501 note (2012). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

his vaccine claim.  Motion, Tab H.

On April 7, 2016, Respondent filed a Response to Petitioner's Application for Attorneys' Fees and Costs ("Response").  In her Response, Respondent states that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case," and she notes that the undersigned has "wide discretion" in assessing the reasonableness of attorneys' fees and costs.  Response at 2.  Respondent recommends, based on a survey of fee awards in similar cases and on her experience in the Vaccine Program, that the undersigned award compensation in the range of $31,000.00 to $46,500.00 for Petitioner's incurred attorneys' fees and costs.  Response at 3.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa-15(e).  The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim.  Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1).  Further, the amount requested by Petitioner seems reasonable and appropriate.  **Accordingly, the undersigned hereby awards the amount of $52,023.25, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Richard Gage.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).